D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

-against-

APPROXIMATELY ONE HUNDRED SIXTY-
EIGHT THOUSAND FIFTY-TWO DOLLARS
AND TWENTY-FIVE CENTS ($168,052.25)
SEIZED FROM NORTHFIELD BANK
ACCOUNT NUMBER 503501314 HELD IN
THE NAME OF METRO SPORT NEW YORK
CORP., AND ALL PROCEEDS TRACEABLE
THERETO,

                Defendant In Rem.

**ORDER**

14-CV-4219 (NGG) (RER)

----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      On June 18, 2015, Mahmoud Abdelrahman, the owner of Metro Sport New York Corp., filed a motion to set aside a default judgment, pursuant to Federal Rules of Civil Procedure 60(b)(1) and 6(b)(4). (See Dkts. 10-12.) On July 15, 2015, the Government filed a response in opposition to the motion. (Mem. in Opp'n (Dkt. 15).) On October 7, 2015, the undersigned referred the motion to Magistrate Judge Ramon E. Reyes, Jr. for a Report and Recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Oct. 7, 2015, Order Referring Mots.)

      On March 16, 2016, Judge Reyes issued an R&R recommending that the court deny the motion to set aside the default judgment. (R&R (Dkt. 16).) Specifically, Judge Reyes determined that a balance of the relevant factors under Rule 60(b)(1), as well as other equitable considerations, "weigh overwhelmingly against vacating default judgment." (Id. at 9.) Judge

1

Reyes also determined that Abdelrahman had not shown the existence of the limited circumstances that would warrant relief under Rule 60(b)(4). (Id.)

No party has objected to Judge Reyes's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 9-10 ("Any objections to the recommendations made in this [R&R] must be filed with the Clerk of Court . . . within fourteen days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order.").) Therefore, the court reviews the R&R for clear error, and finds none. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1).

Thus, the court ADOPTS IN FULL the R&R and, accordingly, DENIES Abdelrahman's motion (Dkts. 10-12) to set aside the entry of default.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge